MARIE AREZZI, AN INFANT. ETC., ET AL., PLAINTIFFS-APPELLANTS, v. ANTHONY CUTRALE, Jr., ET AL., DEFENDANTS-RESPONDENTS.

Submitted May 4, 1948—Decided September 8, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the plaintiffs-appellants, *Lieb & Kohn.*

For the defendants-respondents, *Harvey G. Stevenson.*

The opinion of the court was delivered by

DONGES, J. Plaintiff appeals from a judgment entered in the Essex County Court of Common Pleas on a verdict directed by the court in favor of the defendants.

The facts are that plaintiff Marie Arezzi, on April 25th, 1946, was invited by defendant Carmen Cutrale to take a ride with him, his sister and another girl friend. Defendant Anthony Cutrale, Jr., was the owner of the car and loaned it to his brother for his own purposes, namely, to go on a pleasure ride. The testimony clearly shows that defendant Anthony Cutrale, Jr., did not extend the invitation and that he had no part in the pleasure trip. As stated, the guests were invited by Carmen Cutrale.

It appears that, when they entered the car, Carmen Cutrale opened the front door on the right side of the car and plaintiff entered and sat on the front seat next to the driver. They stopped and had some ice cream and Carmen opened the door for plaintiff and closed it after her entry to the front seat, and opened and closed it for the two girls in the rear seat. Plaintiff testified that they proceeded on roads not familiar to her, and when they came to a railroad crossing the car jumped and shook quite a bit, and then to a bump in the road. She testified:

"Q. After you crossed this railroad track, the car having jumped and shaken quite a bit, did you come to anything else in the road? A. Yes. We came to a sort of bump in the road and it frightened me quite a bit.

"Q. What frightened you? A. The bump in the road.

"Q. Did your car go over the bump? A. Oh, yes. The car bumped.

"Q. What happened as the car went over the bump? A. It jumped.

"Q. What was it that frightened you? A. The jumping of the car.

"Q. Having gone over this bump did you say anything to Carmen? A. Yes. I told him it frightened me.

"Q. What did he say or do when you told him that? A. He said to me, 'If you think this one is bad, you should see the next,' and he laughed. Then he went over the next one.

"*Q.* Did he continue on? *A.* Pardon?

"*Q.* Did he continue on driving after he said, 'You should see the next one,' and after he laughed? *A.* Yes.

"*Q.* Did you come to the next one? *A.* Yes.

"*Q.* What happened as you came to the next bump? *A.* The car jumped as it did the first time, and the next thing I knew I was out on the street.

"*Q.* Let me take you back just a minute. As you approached the second bump—the one where this happened—did you feel any slowing of the car? Did you feel the brakes being applied in any way? *A.* No.

"*Q.* Tell us what happened as you went over the second bump. *A.* The next think I knew I was out on the street.

"*Q.* The next thing you knew you were out on the road? *A.* Yes.

"*Q.* Do you remember anything that happened from the time you left the car until you were out in the road? *A.* No."

There was testimony of another witness that defendant Carmen Cutrale did not reduce the speed of the car after passing over the railroad crossing, but continued at fifteen to twenty miles an hour; this despite the fright of plaintiff at the first bump and knowledge of the driver of the car that the next bump was worse than the first.

It would appear, therefore, that defendant Carmen Cutrale had knowledge of the condition of the road and, from plaintiff's testimony, proceeded at too high speed, in the circumstances, and that the door opened in consequence thereof and plaintiff's injury resulted.

We conclude that there was a question of fact for jury determination as to the defendant Carmen Cutrale, and that the trial court erred in directing a verdict for this defendant.

As to defendant Anthony Cutrale, Jr., a different situation was presented. He was the owner of the car, but the car was not being operated by his servant or agent, and plaintiff, at most, was a mere licensee of said defendant. Defendants produced proof of an expert inspector that the door was in excellent condition and that there was no evidence of any lack of proper condition of the lock of the door. Plaintiff's sister testified that in September or October of the previous

year the door had twice opened when she was riding in the front with the owner thereof. The circumstances were denied by the owner, but we think there was not evidence of such condition as to put the owner on notice thereof and make him liable for the alleged injury of plaintiff. We conclude that there was no error in directing a verdict for defendant Anthony Cutrale, Jr.

The judgment as to Anthony Cutrale, Jr., is affirmed, and the judgment as to Carmen Cutrale is reversed.

Mr. Justice Colie dissents as to the reversal of the judgment in favor of Carmen Cutrale.